**CSD 1099** [09/26/06]

Name, Address, Telephone No. & I.D. No.

**Rick G Melendez 172084**
**470 Third Avenue, Suite #4**
**Chula Vista, CA 91910**
**(619) 420-5900**
**172084**

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
**Glenn F. Hinton**
**Lynn M. Hinton**

BANKRUPTCY NO. **13-11754 CL7**

Debtor.

### BALANCE OF SCHEDULES, STATEMENTS, AND/OR CHAPTER 13 PLAN

Presented herewith are the original with the number of copies required by Local Bankruptcy Rule 1007-2(b) of the following [Check one or more boxes as appropriate]:

☒ Summary of Schedules
☒ Statistical Summary of Certain Liabilities and Related Data
☒ Schedule A - Schedule of Real Property
☒ Schedule B - Schedule of Personal Property
☒ Schedule C - Schedule of Property Claimed Exempt
☒ Schedule D - Creditors Holding Secured Claims
☒ Schedule E - Creditors Holding Unsecured Priority Claims
☒ Schedule F - Creditors Holding Unsecured Nonpriority Claims
☒ Schedule G - Schedule of Executory Contracts & Unexpired Leases
☒ Schedule H - Schedule of Co-Debtor
☒ Schedule I - Current Income of Individual Debtor(s)
☒ Schedule J - Current Expenditure of Individual Debtor(s)
☒ Statement of Financial Affairs
☒ Statement of Current Monthly Income and Means Test Calculation (Form B22A)
☐ Statement of Current Monthly Income (Form B22B)
☐ Statement of Currently Monthly Income and Calculation of Commitment Period and Disposable Income     (Form B22C)
☐ Chapter 13 Plan

**IF ADDITIONAL CREDITORS ARE ADDED AT THIS TIME, THE FOLLOWING ARE REQUIRED:**
1.    Computer diskette containing only the added names and addresses (when the Balance of Schedules are filed on paper).
2.    Local Form CSD 1101, *NOTICE TO CREDITORS OF THE ABOVE-NAMED DEBTOR ADDED BY AMENDMENT OR BALANCE OF SCHEDULES*, as required by Local Bankruptcy Rule 1007-4.  See instructions on reverse side.

Dated:  **12-20-2013**                Signed:  **/s/ Rick G Melendez**
                                                                      Attorney for Debtor

        I [We]  **Glenn F. Hinton**    and  **Lynn M. Hinton**  , the undersigned debtor(s), hereby declare under penalty of perjury that the information set forth in the balance of schedules and/or chapter 13 attached hereto, consisting of  56  pages, and on the creditor matrix diskette, if any, is true and correct to the best of my [our] information and belief.

Dated:  **12-20-2013**         **/s/ Glenn F. Hinton**                          **/s/ Lynn M. Hinton**
                                            Debtor                                             Joint Debtor

Software Copyright (c) 1996-2012 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**CSD 1099 (Page 2)** [09/26/06]

## INSTRUCTIONS

1.    Local Form CSD 1101, *NOTICE TO CREDITORS OF THE ABOVE-NAMED DEBTOR ADDED BY AMENDMENT OR BALANCE OF SCHEDULES*, may be used to notify any added entity. When applicable, copies of the following notices shall accompany the notice: Order for and Notice of Section 341(a) Meeting, Discharge of Debtor, Notice of Order Confirming Plan, and Proof of Claim.

2.    If not filed previously and this is an ECF case, the *DECLARATION RE: ELECTRONIC FILING OF PETITION, SCHEDULES & STATEMENTS* (Local Form CSD 1801) must be filed in accordance with General Order #162.

## CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on **12-20-2013**                , I served a true copy of the within BALANCE OF SCHEDULES AND/OR CHAPTER 13 PLAN by [describe here mode of service]

**ELECTRONIC**

on the following persons [set forth name and address of each person served]:

☐    For ODD numbered Chapter 13 cases:

☐    For EVEN numbered Chapter 13 cases:

☒    For Chpt. 7, 11, & 12 cases:

|  |  |  |
|---|---|---|
| UNITED STATES TRUSTEE<br>Department of Justice<br>402 West Broadway, Suite 600<br>San Diego, CA 92101 | THOMAS H. BILLINGSLEA, JR., TRUSTEE<br>530 "B" Street, Suite 1500<br>San Diego, CA 92101 | DAVID L. SKELTON, TRUSTEE<br>525 "B" Street, Suite 1430<br>San Diego, CA 92101-4507 |

☒    Chpt. 7 Trustee, if any: RONALD E. STADTMUELLER, 10755 Scripps Poway Parkway, #370, San Diego CA 92131

☒    Special Notice Creditors:
PITE DUNCAN, 4375 Jutland Drive, #200, PO Box 17933, San Diego CA 92177
WELLS FARGO & COMPANY, Office of the General Counsel, 21680 Gateway Center Drive, #280 Diamond Bar, CA 91765

I certify under penalty of perjury that the foregoing is true and correct.

Executed on   **12-20-2013**
                    (Date)

**/s/ Rick G Melendez**
**Rick G Melendez 172084**
**Law Offices of Rick G Melendez**
**470 Third Avenue, Suite #4**
**Chula Vista, CA 91910**
Address

Software Copyright (c) 1996-2012 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
## Southern District of California

In re      **Glenn F. Hinton,**
      **Lynn M. Hinton**

                                          Debtors

Case No. __**13-11754 CL7**__

Chapter _____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 475,000.00 | | |
| B - Personal Property | Yes | 4 | 40,000.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 753,502.34 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | 19,800.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 13 | | 959,397.38 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 6,500.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 8,967.10 |
| Total Number of Sheets of ALL Schedules | | 29 | | | |
| Total Assets | | | 515,000.00 | | |
| Total Liabilities | | | | 1,732,699.72 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

.

# United States Bankruptcy Court
## Southern District of California

In re  **Glenn F. Hinton,**
      **Lynn M. Hinton**

                                           Debtors

Case No. ___**13-11754 CL7**___

Chapter _____**7**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 19,800.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 19,800.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | 6,500.00 |
| Average Expenses (from Schedule J, Line 22) | 8,967.10 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 6,500.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 256,350.34 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 19,800.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 959,397.38 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 1,215,747.72 |

B6A (Official Form 6A) (12/07)

.

In re    **Glenn F. Hinton,**
     **Lynn M. Hinton**
                                      Debtors        ,       Case No.    **13-11754 CL7**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **18155 Traylor Road, Ramona CA 92065** | **Fee Simple** | **C** | **475,000.00** | **753,502.34** |

| | | | | |
|---|---|---|---|---|
| | Sub-Total > | **475,000.00** | (Total of this page) | |
| | Total > | **475,000.00** | | |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re    **Glenn F. Hinton,**
         **Lynn M. Hinton**

Case No.    **13-11754 CL7**

Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous ordinary household goods | C | 6,500.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | Miscellaneous clothing | C | 800.00 |
| 7.  Furs and jewelry. | | Miscellaneous jewelry | C | 1,500.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | Firearms | H | 3,100.00 |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Debtor's term life insurance policy through First Colony Life Insurance Company - no cash value | H | 0.00 |
| | | Debtor's term life insurance policy through TransAmerica Occidental Life Insurance - no cash value | W | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >      **11,900.00**
(Total of this page)

  **3**   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re     **Glenn F. Hinton,**                           Case No.    **13-11754 CL7**
          **Lynn M. Hinton**

                                      Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **100,000 shares of Lynco, Inc.** **Corporation has minimal value since corporate liabilities exceed corporate assets.** | **C** | **0.00** |
| | | **100,000 shares of Amwest Capital Mortgage, Inc.** **Corporation has minimal value since corporate liabilities exceed corporate assets.** | **C** | **0.00** |
| | | **100,000 shares of Park Escrow Services Inc.** **Shares of stock presently have no value since the corporate activity was suspended in 2011.** | **C** | **0.00** |
| | | **129,714 shares of Yolo Apparal, Inc.** **Shares of stock presently have no value since the corporation has yet to earn a profit. Shares purchased in 2009.** | **C** | **0.00** |
| | | **57,500 shares of Quatum Ozone, Inc.** **Shares of stock presently have no value since the corporation has yet to earn a profit. Shares purchased in 2006. Corporate activity was suspended due to non-payment of governmental fees and taxes.** | **C** | **0.00** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |

                                              Sub-Total >          **0.00**
                                            (Total of this page)

Sheet   **1**   of   **3**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Glenn F. Hinton,**
    **Lynn M. Hinton**

Case No.    **13-11754 CL7**

                        Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | **Real Estate license (non-transferrable/no cash value)** | H | 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2007 Toyota FJ Cruiser** | C | 16,000.00 |
| | | **2006 Toyota Avalon** | C | 6,500.00 |
| | | **2000 Ford F350 (non-operational)** | C | 5,500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Used office equipment, nothing in excess of $100.00 - minimal resale value** | C | 100.00 |

|  | Sub-Total >  | 28,100.00 |
|---|---|---|
|  | (Total of this page) |  |

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

B6B (Official Form 6B) (12/07) - Cont.

In re     **Glenn F. Hinton,**                             Case No.    __**13-11754 CL7**__
         **Lynn M. Hinton**

<div align="center">Debtors</div>

# SCHEDULE B - PERSONAL PROPERTY
<div align="center">(Continuation Sheet)</div>

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | **0.00** |
| (Total of this page) | |
| Total > | **40,000.00** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                               Best Case Bankruptcy

B6C (Official Form 6C) (4/13)

In re    **Glenn F. Hinton,**
         **Lynn M. Hinton**

Case No. ___**13-11754 CL7**___

Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **18155 Traylor Road, Ramona CA 92065** | **C.C.P. § 703.140(b)(1) to the extent available under the U.S. Bankruptcy Code** | 0.00 | 475,000.00 |
| **Household Goods and Furnishings** | | | |
| **Miscellaneous ordinary household goods** | **C.C.P. § 703.140(b)(3)** | 6,500.00 | 6,500.00 |
| **Wearing Apparel** | | | |
| **Miscellaneous clothing** | **C.C.P. § 703.140(b)(3)** | 800.00 | 800.00 |
| **Furs and Jewelry** | | | |
| **Miscellaneous jewelry** | **C.C.P. § 703.140(b)(4)** | 1,500.00 | 1,500.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| **Firearms** | **C.C.P. § 703.140(b)(5)** | 3,100.00 | 3,100.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2007 Toyota FJ Cruiser** | **C.C.P. § 703.140(b)(2)** **C.C.P. § 703.140(b)(5)** | 5,100.00 10,900.00 | 16,000.00 |
| **2006 Toyota Avalon** | **C.C.P. § 703.140(b)(5)** | 6,500.00 | 6,500.00 |
| **2000 Ford F350 (non-operational)** | **C.C.P. § 703.140(b)(5)** | 5,500.00 | 5,500.00 |
| **Office Equipment, Furnishings and Supplies** | | | |
| **Used office equipment, nothing in excess of $100.00 - minimal resale value** | **C.C.P. § 703.140(b)(6)** | 100.00 | 100.00 |

Total:    **40,000.00**    **515,000.00**

___0___ continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re **Glenn F. Hinton,**
**Lynn M. Hinton,**

Case No. **13-11754 CL7**

Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **1729** | | | | 08/24/2011 | | | | | |
| **Creditor #: 1**<br>**State of California - FTB**<br>**PO Box 2952**<br>**Special Procedures**<br>**Sacramento, CA 94240** | | | C | **Tax Lien**<br><br>**18155 Traylor Road, Ramona CA 92065** | | | | | |
| | | | | Value $            **475,000.00** | | | | **6,196.21** | **6,196.21** |
| Account No. **1729** | | | | 07/23/2012 | | | | | |
| **Creditor #: 2**<br>**State of California - FTB**<br>**PO Box 2952**<br>**Special Procedures**<br>**Sacramento, CA 94240** | | | C | **Tax Lien**<br><br>**18155 Traylor Road, Ramona CA 92065** | | | | | |
| | | | | Value $            **475,000.00** | | | | **3,055.13** | **3,055.13** |
| Account No. **xxxxxxxx5057** | | | | 10/01/2003 | | | | | |
| **Creditor #: 3**<br>**Wells Fargo Bank, N.A. (M1)**<br>**PO Box 14547**<br>**Des Moines, IA 50306** | | | C | **Mortgage**<br><br>**18155 Traylor Road, Ramona CA 92065** | | | | | |
| | | | | Value $            **475,000.00** | | | | **497,152.00** | **0.00** |
| Account No. **xxxxxxxxxxxx0001** | | | | 11/01/2004 | | | | | |
| **Creditor #: 4**<br>**Wells Fargo Bank, N.A. (M2)**<br>**Home Equity Group**<br>**X2303-01A 1 Home Campus**<br>**Des Moines, IA 50328** | | | C | **Second Mortgage**<br><br>**18155 Traylor Road, Ramona CA 92065** | | | | | |
| | | | | Value $            **475,000.00** | | | | **247,099.00** | **247,099.00** |

**0** continuation sheets attached

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | 753,502.34 | 256,350.34 |
| Total<br>(Report on Summary of Schedules) | 753,502.34 | 256,350.34 |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

B6E (Official Form 6E) (4/13)

In re    **Glenn F. Hinton,**
       **Lynn M. Hinton**

Case No. ___**13-11754 CL7**_____

Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

<u>  **2**  </u>  continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re    **Glenn F. Hinton,**
         **Lynn M. Hinton,**

                                                                              Case No.    **13-11754 CL7**

                                          Debtors

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **2939** | | | **2012** | | | | | | |
| Creditor #: 1<br>**IRS**<br>**Centralizd Insolvncy Operation**<br>**PO Box 21126**<br>**Philadelphia, PA 19114** | C | | **Federal Taxes** | X | X | X | 1,500.00 | 0.00 | 1,500.00 |
| Account No. **2939** | | | **2011** | | | | | | |
| Creditor #: 2<br>**IRS**<br>**Centralizd Insolvncy Operation**<br>**PO Box 21126**<br>**Philadelphia, PA 19114** | C | | **Federal Taxes** | X | X | X | 1,500.00 | 0.00 | 1,500.00 |
| Account No. **2939** | | | **2010** | | | | | | |
| Creditor #: 3<br>**IRS**<br>**Centralizd Insolvncy Operation**<br>**PO Box 21126**<br>**Philadelphia, PA 19114** | C | | **Federal Taxes** | X | X | X | 1,800.00 | 0.00 | 1,800.00 |
| Account No. **2939** | | | **2012** | | | | | | |
| Creditor #: 4<br>**State of California - FTB**<br>**PO Box 2952**<br>**Special Procedures**<br>**Sacramento, CA 94240** | C | | **State Tax** | X | X | X | 5,000.00 | 0.00 | 5,000.00 |
| Account No. **2939** | | | **2011** | | | | | | |
| Creditor #: 5<br>**State of California - FTB**<br>**PO Box 2952**<br>**Special Procedures**<br>**Sacramento, CA 94240** | C | | **State Tax** | X | X | X | 5,000.00 | 0.00 | 5,000.00 |

Sheet __1__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal                    0.00
(Total of this page)    14,800.00        14,800.00

B6E (Official Form 6E) (4/13) - Cont.

In re    **Glenn F. Hinton,**
    **Lynn M. Hinton**

Case No.  __**13-11754 CL7**__

                          Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts**
**Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **2939** <br><br>**Creditor #: 6** <br>**State of California - FTB** <br>**PO Box 2952** <br>**Special Procedures** <br>**Sacramento, CA 94240** | **C** | | **2010** <br><br>**State Tax** | **X** | **X** | **X** | **5,000.00** | **0.00** <br><br> **5,000.00** | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet  **2**  of  **2**  continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal <br>(Total of this page) | **0.00** <br> **5,000.00** | **5,000.00** |
|---|---|---|---|
| | Total <br>(Report on Summary of Schedules) | **0.00** <br> **19,800.00** | **19,800.00** |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re   **Glenn F. Hinton,**                                          Case No.   **13-11754 CL7**
        **Lynn M. Hinton,**
_____
                          Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**Creditor #: 1** <br>**AFNI** <br>**PO Box 3517** <br>**Bloomington, IL 61702** | C | | **2013** <br>**Account in Collections** | X | | | <br><br><br>0.00 |
| Account No. <br><br>**Creditor #: 2** <br>**All State Marketing Goup, Inc.** <br>**18201 Von Karman Avenue, #680** <br>**Irvine, CA 92612** | C | | **Account in Collections** | X | | | <br><br><br>0.00 |
| Account No. xxxxxxxxxxx7523 <br><br>**Creditor #: 3** <br>**American Express - BK** <br>**PO Box 981540** <br>**El Paso, TX 79998** | | H | **2013 - 2001** <br>**Credit card purchases** | | | | <br><br><br>10,514.00 |
| Account No. xxxxxxxxxxx6163 <br><br>**Creditor #: 4** <br>**American Express - BK** <br>**PO Box 981540** <br>**El Paso, TX 79998** | | H | **2013 - 2001** <br>**Credit card purchases** | | | | <br><br><br>8,282.00 |

__12__  continuation sheets attached

Subtotal
(Total of this page)                                                                    18,796.00

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    S/N:26597-131203    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Glenn F. Hinton,**
      **Lynn M. Hinton**
                                Debtors

Case No.    **13-11754 CL7**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxx1823 | | | | 2013 - 2001 Credit card purchases | | | | |
| Creditor #: 5 American Express - BK PO Box 981540 El Paso, TX 79998 | C | | | | | | | |
| | | | | | | | | 4,509.97 |
| Account No. 1004 | | | | 2013 - 2008 Credit card purchases | | | | |
| Creditor #: 6 American Express - BK PO Box 981540 El Paso, TX 79998 | C | | | | | | | |
| | | | | | | | | 10,718.86 |
| Account No. xxxxxxxxxxx2401 | | | | 2013 - 2002 Credit card purchases | | | | |
| Creditor #: 7 AT&T Universal/CITI 8787 Baypines Jacksonville, FL 32201 | C | | | | | | | |
| | | | | | | | | 28,022.66 |
| Account No. xxxxxxxxx8468 | | | | 2013 - 2007 Credit card purchases | | | | |
| Creditor #: 8 Bank of America, N.A. PO Box 26012 Greensboro, NC 27420 | C | | | | | | | |
| | | | | | | | | 40,887.00 |
| Account No. | | | | 2012 Breach of Contract Lawsuit pending, case 1-10-CV-179515 Judgment entered for plaintiff | | | | |
| Creditor #: 9 Brooke T. Bailey c/o Law Ofce of Jonathan Weiss 10576 Troon Avenue Los Angeles, CA 90064 | C | | | | | | | |
| | | | | | | | | 0.00 |

Sheet no. **1** of **12** sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**84,138.49**

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Glenn F. Hinton,**
       **Lynn M. Hinton**

Case No. __**13-11754 CL7**__

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br> **Creditor #: 10** <br> **Brooke T. Bailey** <br> **c/o Law Ofce of Tavy A. Dumont** <br> **51 East Campbell Avenue, #106K** <br> **Campbell, CA 95008** | | H | **2012** <br> **Breach of Contract** <br> **Lawsuit pending, case 1-10-CV-179515** <br> **Judgment entered for plaintiff** | | | | **0.00** |
| Account No. <br> **Creditor #: 11** <br> **Brooke T. Bailey** <br> **c/o Law Ofcs of Jonathan Weiss** <br> **10576 Troon Avenue** <br> **Los Angeles, CA 90064** | | C | **2012** <br> **Breach of Contract** <br> **Lawsuit pending, case 1-10-CV-179515** <br> **Judgment entered for plaintiff** | | | | **0.00** |
| Account No. **xxxxxxxx3958** <br> **Creditor #: 12** <br> **CACH, LLC** <br> **4340 S. Monaco Street** <br> **Denver, CO 80237** | | C | **05/01/2012** <br> **Account in Collections** <br> **Wells Fargo Bank  N.A.** | | | | **0.00** |
| Account No. <br> **Creditor #: 13** <br> **CACH, LLC** <br> **c/o Mandarich Law Group, LLP** <br> **6301 Owensmouth Avenue, #850** <br> **Woodland Hills, CA 91367** | | C | **2013** <br> **Account in Collections** <br> **Wells Fargo Bank, N.A.** <br> **Lawsuit filed, 37-2013-00037349 CU CL CTL** <br> **Judgment for plaintiff** | | | | **84,176.87** |
| Account No. <br> **Creditor #: 14** <br> **CACH, LLC** <br> **c/o Neuheisel Law Firm, PC** <br> **2277 Fair Oaks Blvd., #305A** <br> **Sacramento, CA 95825** | | C | **2013** <br> **Account in Collections** <br> **Wells Fargo Bank, N.A.** <br> **Lawsuit filed, 37-2013-00037349 CU CL CTL** <br> **Judgment for plaintiff** | | | | **0.00** |

Sheet no. __**2**__ of __**12**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**84,176.87**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Glenn F. Hinton,**
         **Lynn M. Hinton**

Case No.    **13-11754 CL7**
_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. xxxxxxxxxxxx0389 | | | | | 2013 - 2011 Credit card purchases | | | | |
| Creditor #: 15 Capital One Bank (USA), N.A. PO Box 85167 Richmond, VA 23285 | H | | | | | | | | 459.00 |
| Account No. xxxxxxxxxxxx6464 | | | | | 2013 - 2011 Credit card purchases | | | | |
| Creditor #: 16 Capital One Bank (USA), N.A. PO Box 85167 Richmond, VA 23285 | H | | | | | | | | 400.00 |
| Account No. 3958 | | | | | 2013 - 2009 Cash Advance/Payday Loans | | | | |
| Creditor #: 17 Cash LLC - Square Two 4340 South Monaco Street 2nd floor Denver, CO 80237 | C | | | | | | | | 8,534.00 |
| Account No. | | | | | Account in Collections | | | | |
| Creditor #: 18 Chandra Self PO Box 721792 San Diego, CA 92172 | C | | | | | | X | | 0.00 |
| Account No. xxxxxxxxxxxx4382 | | | | | 2013 - 2011 Credit card purchases | | | | |
| Creditor #: 19 Citibank (SD) N.A. PO Box 6241 Sioux Falls, SD 57117 | C | | | | | | | | 11,182.00 |

Sheet no. __3__ of __12__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)            **20,575.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Glenn F. Hinton,**
     **Lynn M. Hinton**

Case No.    **13-11754 CL7**
_____

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. xxxxxxxxxxxx7580 | | | | 2013 - 2005 Credit card purchases | | | | |
| Creditor #: 20 Citibank (SD) N.A. PO Box 6241 Sioux Falls, SD 57117 | C | | | | | | | 9,569.82 |
| Account No. 7302 | | | | 2013 - 2008 Credit card purchases | | | | |
| Creditor #: 21 Citibank (SD) N.A. PO Box 6241 Sioux Falls, SD 57117 | C | | | | | | | 10,292.87 |
| Account No. 8726 | | | | 2013 - 2008 Credit card purchases | | | | |
| Creditor #: 22 Citibank (SD) N.A. PO Box 6241 Sioux Falls, SD 57117 | C | | | | | | | 74,301.37 |
| Account No. | | | | 2012 Account in Collections | | | | |
| Creditor #: 23 City of Escondido 201 N. Broadway Escondido, CA 92025 | C | | | | | | X | 1,225.00 |
| Account No. | | | | Account in Collections | | | | |
| Creditor #: 24 Consumer Legal Center 18201 Von Kaman Avenue, #680 Irvine, CA 92612 | C | | | | | X | | 0.00 |

Sheet no. __4__ of __12__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

95,389.06

B6F (Official Form 6F) (12/07) - Cont.

In re  **Glenn F. Hinton,**
       **Lynn M. Hinton**
                                                                    Case No. __**13-11754 CL7**__

_____,
                          Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxxxx4045** | | | | **2013 - 2012** **Account in Collections** | | | | |
| **Creditor #: 25** **Credit One Bank** **PO Box 98873** **Las Vegas, NV 89193** | C | | | | | | | **482.00** |
| Account No. | | | | **2013 - 2012** **Account in Collections** | | | | |
| **Creditor #: 26** **Cushman and Wakefield** **4435 Eastgate Mall, #200** **San Diego, CA 92121** | C | | | | | X | | **0.00** |
| Account No. | | | | **Account in Collections** | | | | |
| **Creditor #: 27** **David Hill** **156 "H" Avenue** **Coronado, CA 92118** | C | | | | | X | | **0.00** |
| Account No. | | | | **Account in Collections** | | | | |
| **Creditor #: 28** **Debt Aid Processing** **4500 Campus Drive, #127** **Newport Beach, CA 92660** | C | | | | | X | | **0.00** |
| Account No. | | | | **2012** **Breach of Contract** **Lawsuit pending, case 1-10-CV-179515** **Judgment entered for plaintiff** | | | | |
| **Creditor #: 29** **Garry A. Bailey** **c/o Law Ofce of Jonathan Weiss** **10576 Troon Avenue** **Los Angeles, CA 90064** | C | | | | | | | **0.00** |

Sheet no. __**5**___ of __**12**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**482.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Glenn F. Hinton,**
       **Lynn M. Hinton**
                                                                    Case No.  **13-11754 CL7**
_____,
                            Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br> **Creditor #: 30** <br> **Garry A. Bailey** <br> **c/o Law Ofce of Tavy A. Dumont** <br> **51 East Campbell Avenue, #106K** <br> **Campbell, CA 95008** | | C | 2012 <br> **Breach of Contract** <br> **Lawsuit pending, case 1-10-CV-179515** <br> **Judgment entered for plaintiff** | | | | 0.00 |
| Account No. <br> **Creditor #: 31** <br> **Harvard Collections Services** <br> **4839 N. Elston Avenue** <br> **Chicago, IL 60630** | | C | 2013 <br> **Account in Collections** | | X | | 363.04 |
| Account No. xxxxxxxxxxxx4540 <br> **Creditor #: 32** <br> **HSBC Bank NV** <br> **PO Box 5244** <br> **Carol Stream, IL 60197** | | C | 2007 <br> **Credit Card** | | X | | 0.00 |
| Account No. <br> **Creditor #: 33** <br> **IC Systems** <br> **444 Highway 96 East** <br> **PO Box 64887** <br> **Saint Paul, MN 55164** | | C | 2013 <br> **Account in Collections** | | X | | 0.00 |
| Account No. **2939** <br> **Creditor #: 34** <br> **IRS** <br> **Centralizd Insolvncy Operation** <br> **PO Box 21126** <br> **Philadelphia, PA 19114** | | C | 2009 <br> **Federal Taxes** <br> **Subject to setoff.** | | | | 1,029.00 |

Sheet no. __6___ of __12__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

| 1,392.04 |

B6F (Official Form 6F) (12/07) - Cont.

In re  **Glenn F. Hinton,**
       **Lynn M. Hinton**

Case No. ___**13-11754 CL7**___

Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**Creditor #: 35**<br>**Jennifer Marshalek**<br>**37100 Calle de Lobo**<br>**Murrieta, CA 92562** | C | | **Notice Only** | | | | 0.00 |
| Account No. <br><br>**Creditor #: 36**<br>**Joseph Sandoval**<br>**37100 Calle de Lobo**<br>**Murrieta, CA 92562** | C | | **Account in Collections** | X | | | 0.00 |
| Account No. **xxxxxxxxxxxx2197**<br><br>**Creditor #: 37**<br>**JP Morgan Chase Bank, N.A.**<br>**700 Kansas Lane**<br>**Monroe, LA 71203** | C | | **2013 - 2010**<br>**Credit card purchases** | | | | 10,165.80 |
| Account No. **xxxxxxxxxxxx0542**<br><br>**Creditor #: 38**<br>**JP Morgan Chase Bank, N.A.**<br>**700 Kansas Lane**<br>**Monroe, LA 71203** | C | | **2013 - 2010**<br>**Credit card purchases** | | | | 8,138.80 |
| Account No. <br><br>**Creditor #: 39**<br>**Kathleen Benso**<br>**PO Box 602012**<br>**San Diego, CA 92160** | C | | **Account in Collections** | X | | | 0.00 |

Sheet no. __**7**___ of __**12**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

18,304.60

B6F (Official Form 6F) (12/07) - Cont.

In re    **Glenn F. Hinton,**
      **Lynn M. Hinton**

Case No.    **13-11754 CL7**

               Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxx4197 | | | 2013 - 2006 | | | | |
| Creditor #: 40<br>Kohl's/Chase<br>PO Box 3043<br>Milwaukee, WI 53201 | C | | Credit card purchases | | | | 1,485.32 |
| Account No. | | | 2013 | | | | |
| Creditor #: 41<br>Law Offices of Tavy A. Dumont<br>51 East Capmbell Avenue, #106K<br>Campbell, CA 95008 | C | | Account in Collections | | X | | 0.00 |
| Account No. | | | 2013 | | | | |
| Creditor #: 42<br>Linebarger, Goggan, Blair etal<br>PO Box 90067<br>Harrisburg, PA 17109 | C | | Account in Collections | | X | | 1,435.22 |
| Account No. | | | 2013 | | | | |
| Creditor #: 43<br>McCarthy, Burgess & Wolff<br>26000 Cannon Road<br>Bedford, OH 44146 | C | | Account in Collections<br>360 Leads | | | | 538.20 |
| Account No. | | | 2013 | | | | |
| Creditor #: 44<br>Price Re San Diego, LLC<br>c/o Richard Seide<br>901 Dove Street<br>Newport Beach, CA 92660 | H | | Account in Collections<br>Lawsuit pending, case 37-2013-00055898<br>Judgment for plaintiff | | | | 555.00 |

Sheet no. __8__ of __12__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

4,013.74

B6F (Official Form 6F) (12/07) - Cont.

In re     **Glenn F. Hinton,**
      **Lynn M. Hinton**                                                                      Case No. __**13-11754 CL7**__

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | | 2013 Account in Collections | | | | |
| Creditor #: 45 Professional Credit 500 Bi-County Blvd. Farmingdale, NY 11735 | C | | | | | X | | |
| | | | | | | | | 0.00 |
| Account No. | | | | Account in Collections | | | | |
| Creditor #: 46 Rudy Flores 899 Jamacha Road El Cajon, CA 92019 | C | | | | | X | | |
| | | | | | | | | 0.00 |
| Account No. | | | | Account in Collections | | | | |
| Creditor #: 47 Simon Yarandi 18201 Von Karman Avenue, #680 Irvine, CA 92612 | C | | | | | X | | |
| | | | | | | | | 0.00 |
| Account No. | | | | 2012 Account in Collections | | | | |
| Creditor #: 48 Sparklets PO Box 660579 Dallas, TX 75266 | C | | | | | | X | |
| | | | | | | | | 523.91 |
| Account No. 2939 | | | | 2009 State Tax    Subject to setoff. | | | | |
| Creditor #: 49 State of California - FTB PO Box 2952 Special Procedures Sacramento, CA 94240 | C | | | | | | | |
| | | | | | | | | 6,090.00 |

Sheet no. __9___ of __12__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                     6,613.91

B6F (Official Form 6F) (12/07) - Cont.

In re  **Glenn F. Hinton,**
       **Lynn M. Hinton**

Case No. **13-11754 CL7**

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. | | | | Notice Only | | | | |
| Creditor # 50 Steve Marshalek 37100 Calle de Lobo Murrieta, CA 92562 | C | | | | | | | |
| | | | | | | | | 0.00 |
| Account No. | | | | 2010 Breach of Contract    Subject to setoff. | | | | |
| Creditor #: 51 Steven Marshalek c/o Miltner, Polk & Menck, APC 402 West Broadway, #800 San Diego, CA 92101 | H | | | | X | X | X | |
| | | | | | | | | 360,000.00 |
| Account No. | | | | 2013 Account in Collections | | | | |
| Creditor #: 52 Systematic National Collctions PO Box 1767 Vista, CA 92084 | C | | | | X | | X | |
| | | | | | | | | 36.59 |
| Account No. | | | | 2012 Breach of Contract Lawsuit filed, case 37-2012-00054453 Judgment for plaintiff | | | | |
| Creditor #: 53 Washington International Insur c/o Liggett, Davis, Pagnini et 3914 Murphy Canyon Road San Diego, CA 92123 | H | | | | | | X | |
| | | | | | | | | 9,784.01 |
| Account No. | | | | 2012 Account in Collection Lawsuit filed, case 37-2012-00055364 Judgment for plaintiff | | | | |
| Creditor #: 54 Wells Fargo Bank, N.A. 21680 Gateway Center Drive Suite 280 Diamond Bar, CA 91765 | C | | | | X | | X | |
| | | | | | | | | 150,288.23 |

Sheet no. __10__ of __12__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

520,108.83

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Glenn F. Hinton,**
       **Lynn M. Hinton**

Case No. __**13-11754 CL7**__

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **1725**<br><br>**Creditor #: 55**<br>**Wells Fargo Bank, N.A.**<br>**PO Box 9210**<br>**Recovery Department**<br>**Des Moines, IA 50306** | C | | **2013 - 2005**<br>**Credit card purchases** | | | | 45,000.00 |
| Account No. **2859**<br><br>**Creditor #: 56**<br>**Wells Fargo Bank, N.A.**<br>**PO Box 9210**<br>**Recovery Department**<br>**Des Moines, IA 50306** | C | | **2013 - 2005**<br>**Account in Collections**<br>**Cach, LLC** | | | | 0.00 |
| Account No. **4582**<br><br>**Creditor #: 57**<br>**Wells Fargo Bank, N.A.**<br>**PO Box 9210**<br>**Recovery Department**<br>**Des Moines, IA 50306** | C | | **2013 - 2011**<br>**Credit card purchases** | | | | 8,533.84 |
| Account No.<br><br>**Creditor #: 58**<br>**Wells Fargo Bank, N.A.**<br>**c/o Reese Law Group**<br>**6725 Mesa Ridge Road, #240**<br>**San Diego, CA 92121** | C | | **10/01/2012**<br>**Account in Collections**<br>**Lawsuit filed, case 37-2012-00069662**<br>**Judgment for plaintiff** | | | | 0.00 |
| Account No. **xxxxxx4439**<br><br>**Creditor #: 59**<br>**Wells Fargo Busness Credt Card**<br>**PO Box 54349**<br>**Los Angeles, CA 90054** | H | | **2013 - 2006**<br>**Line of Credit** | | | | 45,573.00 |

Sheet no. __**11**__ of __**12**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

99,106.84

B6F (Official Form 6F) (12/07) - Cont.

In re  **Glenn F. Hinton,**
         **Lynn M. Hinton**

Case No. ___**13-11754 CL7**___

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **mulitple accts** <br><br> **Creditor #: 60** <br> **WFNNB** <br> **4590 East Board Street** <br> **Columbus, OH 43213** | C | | | **2013 - 2006** <br> **Account in Collections** <br> **Victoria Secret** <br> **Express** | | | | **4,500.00** |
| Account No. **xxxxx8604** <br><br> **Creditor #: 61** <br> **WFNNB - Victoria Secret** <br> **4590 East Board Street** <br> **Columbus, OH 43213** | C | | | **2013 - 2003** <br> **Credit card purchases** | | | | **1,800.00** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet no. __**12**__ of __**12**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| Subtotal (Total of this page) | **6,300.00** |
|---|---|
| Total (Report on Summary of Schedules) | **959,397.38** |

B6G (Official Form 6G) (12/07)

In re   **Glenn F. Hinton,**
        **Lynn M. Hinton**

Case No.   __**13-11754 CL7**__

Debtors,

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|

**0**   ____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com              Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re   **Glenn F. Hinton,**                                                   Case No.   **13-11754 CL7**
           **Lynn M. Hinton**

<div align="center">Debtors</div>

# SCHEDULE H - CODEBTORS

     Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |

**0**
___ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                                          Best Case Bankruptcy

**Fill in this information to identify your case:**

Debtor 1 **Glenn F. Hinton**

Debtor 2 **Lynn M. Hinton**
(Spouse, if filing)

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF CALIFORNIA

Case number **13-11754 CL7**
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:
MM / DD/ YYYY

## Official Form B 6I
## Schedule I: Your Income                                        12/13

**Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

**Part 1:    Describe Employment**

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☑ Employed<br>☐ Not employed | ☑ Employed<br>☐ Not employed |
| Occupation | **President** | **Housewife** |
| Employer's name | Lynco, Inc. | |
| Employer's address | **18155 Traylor Road**<br>**Ramona, CA 92065** | |
| How long employed there? | since | |

**Part 2:    Give Details About Monthly Income**

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. $ 0.00 | $ 0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. $ 0.00 | $ 0.00 |

Debtor 1  **Glenn F. Hinton**
Debtor 2  **Lynn M. Hinton**

Case number (*if known*)  **13-11754 CL7**

|  |  | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| **Copy line 4 here** | 4. | $ 0.00 | $ 0.00 |

5. List all payroll deductions:

|  |  |  |  |  |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ 0.00 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. | **Insurance** | 5e. | $ 0.00 | $ 0.00 |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. | **Other deductions.** Specify: | 5h.+ | $ 0.00 + | $ 0.00 |

| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ 0.00 |
|---|---|---|---|---|
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 0.00 |

8. List all other income regularly received:

| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 6,500.00 | $ 0.00 |
|---|---|---|---|---|
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ 0.00 |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. | **Other monthly income.** Specify: | 8h.+ | $ 0.00 + | $ 0.00 |

| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 6,500.00 | $ 0.00 |
|---|---|---|---|---|

| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 6,500.00 + $ 0.00 = $ 6,500.00 |
|---|---|---|---|

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:                                                                              11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies                                                                              12. $ 6,500.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☐ No.
■ Yes. Explain:  | **Debtor hopes to earn more income in the coming year as the economy improves.** |

Fill in this information to identify your case:

Debtor 1 _____**Glenn F. Hinton**_____

Debtor 2 _____**Lynn M. Hinton**_____
(Spouse, if filing)

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF CALIFORNIA

Case number _____**13-11754 CL7**_____
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J
# Schedule J: Your Expenses
12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1.  **Is this a joint case?**

☐ No. Go to line 2.

■ Yes. **Does Debtor 2 live in a separate household?**

■ No

☐ Yes. Debtor 2 must file a separate Schedule J.

2.  **Do you have dependents?**    ■ No

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☐ Yes. Fill out this information for each dependent...........

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

|  | Your expenses |
|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ _____4,178.10_____

   **If not included in line 4:**

   4a.    Real estate taxes                                                    4a. $ _____0.00_____
   4b.    Property, homeowner's, or renter's insurance                        4b. $ _____0.00_____
   4c.    Home maintenance, repair, and upkeep expenses                       4c. $ _____100.00_____
   4d.    Homeowner's association or condominium dues                         4d. $ _____0.00_____

5.  **Additional mortgage payments for your residence,** such as home equity loans    5. $ _____0.00_____

Debtor 1  **Glenn F. Hinton**
Debtor 2  **Lynn M. Hinton**                                    Case number (if known)  **13-11754 CL7**

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 500.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 150.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 200.00 |
| | 6d. | Other. Specify:  **Ramona Disposal** | 6d. $ | 50.00 |
| | | **Direct TV** | $ | 179.00 |
| | | **Pest Control** | $ | 45.00 |
| | | **Maintence for house** | $ | 150.00 |
| | | **Sky Valley** | $ | 50.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 500.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 140.00 |
| 10. | **Personal care products and services** | | 10. $ | 0.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 450.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 50.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 75.00 |
| | 15b. | Health insurance | 15b. $ | 950.00 |
| | 15c. | Vehicle insurance | 15c. $ | 300.00 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify:  **Auto Repairs, Maintenance and related fees** | 17c. $ | 50.00 |
| | 17d. | Other. Specify:  **Second Mortgage** | 17d. $ | 850.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | | 21. +$ | 0.00 |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | | 22. $ | 8,967.10 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. | Copy line 12 (*your combined monthly income*) from Schedule I. | 23a. $ | 6,500.00 |
| | 23b. | Copy your monthly expenses from line 22 above. | 23b. -$ | 8,967.10 |
| | 23c. | Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. $ | -2,467.10 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes. Explain:

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Southern District of California

In re **Glenn F. Hinton**
**Lynn M. Hinton**
Debtor(s)

Case No. **13-11754 CL7**
Chapter **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __31__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **December 20, 2013**      Signature  **/s/ Glenn F. Hinton**
                                            **Glenn F. Hinton**
                                            Debtor

Date **December 20, 2013**      Signature  **/s/ Lynn M. Hinton**
                                            **Lynn M. Hinton**
                                            Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Southern District of California

In re    **Glenn F. Hinton**                               Case No.    **13-11754 CL7**
       **Lynn M. Hinton**

                                       Debtor(s)            Chapter    **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$78,000.00** | **Business Income for 2013 (estimated)** |
| **$73,000.00** | **Business Income for 2012 (estimated)** |
| **$75,000.00** | **Business Income for 2011 (estimated)** |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

         AMOUNT                    SOURCE

B7 (Official Form 7) (04/13)
2

### 3. Payments to creditors

None
☐

***Complete a. or b., as appropriate, and c.***

    a.   *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CREDITOR | DATES OF<br>PAYMENTS | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|
| **Wells Fargo Bank, N.A. (M1)**<br>**PO Box 14547**<br>**Des Moines, IA 50306** | **12/2013 to 09/2013** | **$12,534.30** | **$497,152.00** |
| **Wells Fargo Bank, N.A. (M2)**<br>**Home Equity Group**<br>**X2303-01A 1 Home Campus**<br>**Des Moines, IA 50328** | **12/2013 to 09/2013** | **$850.00** | **$247,099.00** |

None
■

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF<br>PAYMENTS/<br>TRANSFERS | AMOUNT<br>PAID OR<br>VALUE OF<br>TRANSFERS | AMOUNT STILL<br>OWING |
|---|---|---|---|

None
■

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND<br>RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT<br>AND CASE NUMBER | NATURE OF<br>PROCEEDING | COURT OR AGENCY<br>AND LOCATION | STATUS OR<br>DISPOSITION |
|---|---|---|---|
| **Steven Marshalek v. Glenn Hinton, et al.**<br>**37-2012-00083588** | **Complaint for**<br>**Money Damages** | **Superior Court of California, County of**<br>**San Diego** | **Judgment for**<br>**plaintiff** |
| **Wells Fargo Bank, N.A. v. Glenn Hinton, et al**<br>**37-2012-00069662 CU CL EC** | **Complaint for**<br>**Money Damages** | **Superior Court of California, County of**<br>**San Diego** | **Judgment for**<br>**plaintiff** |
| **Garry A. Bailey, Brooke T. Bailey, et al. v. Glenn**<br>**Hinton, et al.**<br>**1-10-CV-179515** | **Complaint for**<br>**Money Damages** | **Superior Court of California, County of**<br>**Santa Clara** | **Judgment for**<br>**plaintiff** |

        *\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Washington International Insurance Co. v. Glenn Hinton, et al. 37-2012-00054453 CL CL NC** | **Complaint for Money Damages** | **Superior Court of California, County of San Diego** | **Judgment for plaintiff** |
| **Price Re San Diego LLC v. Glenn F. Hinton, et al. 37-2013-00055898 CL UD CTL** | **Complaint for Money Damages** | **Superior Court of California, County of San Diego** | **Judgment for plaintiff** |
| **Cach LLC v. Glenn Hinton 37-2013-00037349 CU CL CTL** | **Complaint for Money Damages** | **Superior Court of California, County of San Diego** | **Judgment for plaintiff** |
| **Wells Fargo Bank, N.A. v. Glenn Hinton, DayLight et al. 37-2012-00055364 CU BC NC** | **Complaint for Money Damages** | **Superior Court of California, County of San Diego** | **Judgment for plaintiff** |

None ■ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☐ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Church** | **none** | **2013 - 2012** | **Cash and other donations** |

B7 (Official Form 7) (04/13)
4

---

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Law Offices of Rick G Melendez**<br>**470 Third Avenue, Suite #4**<br>**Chula Vista, CA 91910** | **2013** | **$144.00** |

---

**10. Other transfers**

None
☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Arthur Shalomov**<br>**4850 E. Desert Cove Avenue, #109**<br>**Scottsdale, AZ 85254**<br>   none | **10/12/2012** | **2008 Lexus**<br>**$21,750.00** |

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

B7 (Official Form 7) (04/13)
5

**12.  Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| **Lynco Inc.**<br>**18155 Traylor Road**<br>**Ramona, CA 92065** | **Business checking account** | **Wells Fargo Bank, N.A.** |
| **Amwest Capital Mortgage, Inc.**<br>**465 E. Grand Avenue**<br>**Escondido, CA 92025** | **Business checking account** | **Wells Fargo Bank, N.A.** |
| **Park Escrow Services, Inc.**<br>**18155 Traylor Road**<br>**Ramona, CA 92065** | **Business checking account (Trust account)** | **Wells Fargo Bank, N.A.** |

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

B7 (Official Form 7) (04/13)
6

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
☐    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Lynco, Inc.** | **0560** | **18155 Traylor Road Ramona, CA 92065** | **Mortgage Services** | **2013 to 2010** |
| **Amwest Capital Mortgage, Inc.** | **1030** | **18155 Traylor Road Ramona, CA 92065** | **Mortgage Services** | **2013 to 2005** |
| **Park Escrow Services, Inc.** | **5806** | **18155 Traylor Road Ramona, CA 92065** | **Mortgage Services** | **2013 to 2007** |

B7 (Official Form 7) (04/13)
7

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| **Daylight Technologies, Inc.** | **7180** | **18155 Traylor Road Ramona, CA 92065** | **Mortgage Services** | **11/2010 to 1996** |

None
■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                      ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                               DATES SERVICES RENDERED
**Glenn F. Hinton**
**18155 Traylor Road**
**Ramona, CA 92065**

None
■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                   ADDRESS                     DATES SERVICES RENDERED

None
☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                 ADDRESS
**Glenn F. Hinton**                             **18155 Traylor Road**
                                           **Ramona, CA 92065**

None
■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                    DATE ISSUED

---

**20. Inventories**

None
■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY             INVENTORY SUPERVISOR                       DOLLAR AMOUNT OF INVENTORY
                                                                           (Specify cost, market or other basis)

B7 (Official Form 7) (04/13)
8

None ■ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |

### 21 . Current Partners, Officers, Directors and Shareholders

None ■ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

None ■ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |

### 22 . Former partners, officers, directors and shareholders

None ■ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

None ■ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 24. Tax Consolidation Group.

None ■ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

### 25. Pension Funds.

None ■ If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

* * * * * *

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

B7 (Official Form 7) (04/13)
9

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **December 20, 2013**                 Signature   **/s/ Glenn F. Hinton**
                                                             **Glenn F. Hinton**
                                                             Debtor

Date   **December 20, 2013**                 Signature   **/s/ Lynn M. Hinton**
                                                             **Lynn M. Hinton**
                                                             Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Southern District of California

In re    **Glenn F. Hinton**
       **Lynn M. Hinton** _____     Case No.    **13-11754 CL7**

                              Debtor(s)     Chapter    **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

---

Property No. 1

| Creditor's Name: <br> **State of California - FTB** | Describe Property Securing Debt: <br> **18155 Traylor Road, Ramona CA 92065** |
|---|---|

Property will be (check one):
   ☐ Surrendered           ■ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ☐ Reaffirm the debt
   ■ Other. Explain   **Debtors intend to retain property and continue with regular payments**   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ■ Claimed as Exempt           ☐ Not claimed as exempt

---

Property No. 2

| Creditor's Name: <br> **State of California - FTB** | Describe Property Securing Debt: <br> **18155 Traylor Road, Ramona CA 92065** |
|---|---|

Property will be (check one):
   ☐ Surrendered           ■ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ☐ Reaffirm the debt
   ■ Other. Explain   **Debtor intends to retain property and continue with regular payments**   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ■ Claimed as Exempt           ☐ Not claimed as exempt

---

B8 (Form 8) (12/08)                                                                                      Page 2

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Wells Fargo Bank, N.A. (M1)** | **Describe Property Securing Debt:**<br>**18155 Traylor Road, Ramona CA 92065** |

Property will be (check one):
    ☐ Surrendered        ■ Retained

If retaining the property, I intend to (check at least one):
    ☐ Redeem the property
    ☐ Reaffirm the debt
    ■ Other.  Explain  **Debtors intend to retain property and continue with regular payments**  (for example, avoid lien using
    11 U.S.C. § 522(f)).

Property is (check one):
    ■ Claimed as Exempt                ☐ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**Wells Fargo Bank, N.A. (M2)** | **Describe Property Securing Debt:**<br>**18155 Traylor Road, Ramona CA 92065** |

Property will be (check one):
    ☐ Surrendered        ■ Retained

If retaining the property, I intend to (check at least one):
    ☐ Redeem the property
    ☐ Reaffirm the debt
    ■ Other.  Explain  **Debtors intend to retain property and continue with regular payments**  (for example, avoid lien using
    11 U.S.C. § 522(f)).

Property is (check one):
    ■ Claimed as Exempt                ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐  YES      ☐  NO |

B8 (Form 8) (12/08)                                                                                   Page 3

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **December 20, 2013**                    Signature   **/s/ Glenn F. Hinton**
                                                           **Glenn F. Hinton**
                                                           Debtor


Date  **December 20, 2013**                    Signature   **/s/ Lynn M. Hinton**
                                                           **Lynn M. Hinton**
                                                           Joint Debtor

# United States Bankruptcy Court
## Southern District of California

In re    **Glenn F. Hinton**
**Lynn M. Hinton**

          Debtor(s)

Case No.    **13-11754 CL7**

Chapter    **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 2,595.00 |
| Prior to the filing of this statement I have received | $ | 144.00 |
| Balance Due | $ | 2,451.00 |

2.   $ **306.00**   of the filing fee has been paid.

3.   The source of the compensation paid to me was:

     ■ Debtor      ☐ Other (specify):

4.   The source of compensation to be paid to me is:

     ■ Debtor      ☐ Other (specify):

5.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d. [Other provisions as needed]
         **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
         **Representation of the debtors in any dischargeability actions, reaffirmation hearings, preparation and filing of reaffirmation agreements and applications as needed, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **December 20, 2013**

         **/s/ Rick G Melendez**
         **Rick G Melendez 172084**
         **Law Offices of Rick G Melendez**
         **470 Third Avenue, Suite #4**
         **Chula Vista, CA 91910**
         **(619) 420-5900**
         **legalhelpers@msn.com**

---

Revised: 1/24/13

Name, Address, Telephone No. & I.D. No.
**Rick G Melendez 172084**
**470 Third Avenue, Suite #4**
**Chula Vista, CA 91910**
**(619) 420-5900**
**172084**

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
**Glenn F. Hinton**
**Lynn M. Hinton**

BANKRUPTCY NO. **13-11754 CL7**

Tax I.D. / S.S. #: **xxx-xx-2939/xxx-xx-7272**

Debtor.

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
### RIGHTS AND RESPONSIBILITIES OF CHAPTER 7 DEBTORS
### AND THEIR ATTORNEY

In order for debtors and their attorneys to understand their rights and responsibilities in the bankruptcy process, the following terms of engagement are hereby agreed to by the parties.

Nothing in this agreement should be construed to excuse an attorney from any ethical duties or responsibilities under Federal Rule of Bankruptcy Procedure 9011 and the Local Bankruptcy Rules.

## I.
## Services Included in the Initial Fee Charged

The following are services that an attorney must provide as part of the initial fee charged for representation in a Chapter 7 case:

1.  Meet with the debtor to review the debtor's assets, liabilities, income and expenses.

2.  Analyze the debtor's financial situation, and render advice to the debtor in determining whether to file a petition in bankruptcy.

3.  Describe the purpose, benefits, and costs of the Chapters the debtor may file, counsel the debtor regarding the advisability of filing either a Chapter 7, 11, or 13 case, and answer the debtor's questions.

4.  Advise the debtor of the requirement to attend the Section 341(a) Meeting of Creditors, and instruct the debtor as to the date, time and place of the meeting.

5.  Advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on vehicles securing loans or leases.

6.      Timely prepare, file and serve, as required, the debtor's petition, schedules, Statement of Financial Affairs, and any necessary amendments to Schedule C.

7.      Provide documents pursuant to the Trustee Guidelines and any other information requested by the Chapter 7 Trustee or the Office of the United State Trustee.

8.      Provide an executed copy of the Rights and Responsibilities of Chapter 7 Debtors and their Attorneys to the debtor.

9.      Appear and represent the debtor at the Section 341(a) Meeting of Creditors, and any continued meeting, except as further set out in Section II.

10.      File the Certificate of Debtor Education if completed by the debtor and provided to the attorney before the case is closed.

11.      Attorney shall have a continuing obligation to assist the debtor by returning telephone calls, answering questions and reviewing and sending correspondence.

12.      Respond to and defend objections to claim(s) of exemption arising from attorney error(s) in Schedule C.

## II.
## Services Included as Part of Chapter 7 Representation, Subject to an Additional Fee

The following are services, included as part of the representation of the debtor, but for which the attorney may charge additional fees.

1.      Representation at any continued meeting of creditors due to client's failure to appear or failure to provide required documents or acceptable identification;

2.      Amendments, except that no fee shall be charged for any amendment to Schedule C that may be required as a result of attorney error;

3.      Opposing Motions for Relief from Stay;

4.      Reaffirmation Agreements and hearings on Reaffirmation Agreements;

5.      Redemption Motions and hearings on Redemption Motions;

6.      Preparing, filing, or objecting to Proofs of Claims, when appropriate, and if applicable;

7.      Representation in a Motion to Dismiss or Convert debtor's case;

8.      Motions to Reinstate or Extend the Automatic Stay;

9.      Negotiations with Chapter 7 Trustee in aid of resolving nonexempt asset, turnover or asset administration issues.

2

## III.
## Additional Services Not Included in the Initial Fee Which Will Require a Separate Fee Agreement

The following services are <u>not</u> included as part of the representation in a Chapter 7 case, unless the attorney and debtor negotiate representation in these post-filing matters at mutually agreed upon terms in advance of any obligation of the attorney to render services. Unless a new fee agreement is negotiated between debtor and attorney, attorney will not be required to represent the debtor in these matters:

1.    Defense of Complaint to Determine Non-Dischargeability of a Debt or filing Complaint to determine Dischargeability of Debt;

2.    Defense of a Complaint objecting to discharge;

3.    Objections to Claim of Exemption, except where an objection arises due to an error on Schedule C;

4.    Sheriff levy releases;

5.    Section 522(f) Lien Avoidance Motions;

6.    Opposing a request for, or appearing at a 2004 examination;

7.    All other Motions or Applications in the case, including to Buy, Sell, or Refinance Real or other Property;

8.    Motions or other proceedings to enforce the automatic stay or discharge injunction;

9.    Filing or responding to an appeal;

10.    An audit of the debtor's case conducted by a contract auditor pursuant to 28 U.S.C. Section 586(f).

## IV.
## Duties and Responsibilities of the Debtor

As the debtor filing for a Chapter 7 bankruptcy, you must:

1.    Fully disclose everything you own, lease, or otherwise believe you have a right or interest in prior to filing the case;

2.    List everyone to whom you owe money, including your friends, relatives or someone you want to repay after the bankruptcy is filed;

3.    Provide accurate and complete financial information;

4.    Provide all requested information and documentation in a timely manner, in accordance with the Chapter 7 Trustee Guidelines;

5.    Cooperate and communicate with your attorney;

3

6.      Discuss the objectives of the case with your attorney before you file;

7.      Keep the attorney updated with any changes in contact information, including email address;

8.      Keep the attorney updated on any and all collection activities by any creditor, including lawsuits, judgments, garnishments, levies and executions on debtor's property;

9.      Keep the attorney updated on any changes in the household income and expenses;

10.     Timely file all statutorily required tax returns;

11.     Inform the attorney if there are any pending lawsuits or rights to pursue any lawsuits;

12.     Appear at the Section 341(a) Meeting of Creditors, and any continued Meeting of Creditors;

13.     Bring proof of social security number and government issued photo identification to the Section 341(a) Meeting of Creditors;

14.     Provide date-of-filing bank statements to the attorney no later than 7 days after filing of your case;

15.     Pay all required fees prior to the filing of the case;

16.     Promptly pay all required fees in the event post filing fees are incurred;

17.     Debtors must not direct, compel or demand their attorney to take a legal position or oppose a motion in violation of any Ethical Rule, any Rule of Professional Conduct, or Federal Rule that is not well grounded in fact or law.

Dated:  **December 20, 2013**           **/s/ Glenn F. Hinton**

                                             **Glenn F. Hinton**

                                           Debtor

Dated:  **December 20, 2013**           **/s/ Lynn M. Hinton**

                                             **Lynn M. Hinton**

                                           Debtor

Dated:  **December 20, 2013**           **/s/ Rick G Melendez**

                                           **Rick G Melendez 172084**

                                           Attorney for Debtor(s)

4

B22A (Official Form 22A) (Chapter 7) (04/13)

In re   **Glenn F. Hinton**
        **Lynn M. Hinton**
_____
                Debtor(s)
Case Number:   **13-11754 CL7**
_____
                (If known)

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises.**

■ **The presumption does not arise.**

☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.** <br><br> ☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard <br><br>         a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and <br>              ☐ I remain on active duty /or/ <br>              ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed; <br><br>             OR <br><br>         b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/ <br>              ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| Line | Description | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ■ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>**Debtor's Income** | **Column B**<br>**Spouse's Income** |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 0.00 | $ 0.00 |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br>(see table below) | $ 6,500.00 | $ 0.00 |

| | | Debtor | Spouse |
|---|---|---|---|
| a. | Gross receipts | $ 6,500.00 | $ 0.00 |
| b. | Ordinary and necessary business expenses | $ 0.00 | $ 0.00 |
| c. | Business income | Subtract Line b from Line a | |

| Line | Description | Column A | Column B |
|---|---|---|---|
| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br>(see table below) | $ 0.00 | $ 0.00 |

| | | Debtor | Spouse |
|---|---|---|---|
| a. | Gross receipts | $ 0.00 | $ 0.00 |
| b. | Ordinary and necessary operating expenses | $ 0.00 | $ 0.00 |
| c. | Rent and other real property income | Subtract Line b from Line a | |

| Line | Description | Column A | Column B |
|---|---|---|---|
| 6 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 7 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0.00 | $ 0.00 |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br>Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $ 0.00 — Spouse $ 0.00 | $ 0.00 | $ 0.00 |
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br>(see table below)<br>Total and enter on Line 10 | $ 0.00 | $ 0.00 |

| | | Debtor | Spouse |
|---|---|---|---|
| a. | | $ | $ |
| b. | | $ | $ |

| Line | Description | Column A | Column B |
|---|---|---|---|
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 6,500.00 | $ 0.00 |

B22A (Official Form 22A) (Chapter 7) (04/13)                                                                                                3

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | $ **6,500.00** |
|---|---|---|

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).**  Multiply the amount from Line 12 by the number 12 and enter the result. | $ **78,000.00** |
|---|---|---|
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence:  **CA**  b. Enter debtor's household size:  **2** | $ **62,009.00** |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 13 is less than or equal to the amount on Line 14.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII.  Do not complete Parts IV, V, VI and VII.<br>■ **The amount on Line 13 is more than the amount on Line 14.**  Complete the remaining parts of this statement. |  |

## Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | **Enter the amount from Line 12.** | $ **6,500.00** |
|---|---|---|
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero.<br><br>a. _____ $ _____<br>b. _____ $ _____<br>c. _____ $ _____<br>d. _____ $ _____<br>Total and enter on Line 17 | $ **0.00** |
| 18 | **Current monthly income for § 707(b)(2).**  Subtract Line 17 from Line 16 and enter the result. | $ **6,500.00** |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ **1,053.00** |
|---|---|---|

| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are  under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. |  |
|---|---|---|

| Persons under 65 years of age | | Persons 65 years of age or older | | |
|---|---|---|---|---|
| a1. | Allowance per person | **60** | a2. | Allowance per person | **144** |
| b1. | Number of persons | **2** | b2. | Number of persons | **0** |
| c1. | Subtotal | **120.00** | c2. | Subtotal | **0.00** | $ **120.00** |

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ **508.00** |
|---|---|---|

B22A (Official Form 22A) (Chapter 7) (04/13)    4

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ 2,180.00 | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ 5,182.29 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ 0.00 |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ 0.00 |
|---|---|---|

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. <br><br> Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. <br><br> ☐ 0   ☐ 1   ■ 2 or more. <br><br> If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 602.00 |
|---|---|---|

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 0.00 |
|---|---|---|

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) <br><br> ☐ 1   ☐ 2 or more. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ 0.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ 0.00 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ 0.00 |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ 0.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ 0.00 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ 0.00 |

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ 0.00 |
|---|---|---|

**5**

| | | | |
|---|---|---|---|
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ | **0.00** |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ | **75.00** |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ | **0.00** |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ | **0.00** |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ | **0.00** |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ | **0.00** |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ | **49.99** |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ | **2,407.99** |

| | |
|---|---|
| **Subpart B: Additional Living Expense Deductions** <br> **Note: Do not include any expenses that you have listed in Lines 19-32** | |

| | | | |
|---|---|---|---|
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |

| a. | Health Insurance | $ | **950.00** |
|---|---|---|---|
| b. | Disability Insurance | $ | **0.00** |
| c. | Health Savings Account | $ | **0.00** |

$ **950.00**

Total and enter on Line 34.

**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:

$_____

| | | | |
|---|---|---|---|
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ | **0.00** |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | **0.00** |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | **0.00** |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $156.25* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | **0.00** |

*  Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B22A (Official Form 22A) (Chapter 7) (04/13)                                                                                    6

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | **0.00** |
|----|----|----|----|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ | **0.00** |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ | **950.00** |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | |
|----|----|----|----|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|----|----|----|----|----|
| a. | **State of California - FTB** | **18155 Traylor Road, Ramona CA 92065** | $        **103.27** | ■yes □no |
| b. | **State of California - FTB** | **18155 Traylor Road, Ramona CA 92065** | $         **50.92** | ■yes □no |
| c. | **Wells Fargo Bank, N.A. (M1)** | **18155 Traylor Road, Ramona CA 92065** | $      **4,178.10** | ■yes □no |
| d. | **Wells Fargo Bank, N.A. (M2)** | **18155 Traylor Road, Ramona CA 92065** | $        **850.00** | □yes ■no |
| | | | Total: Add Lines | $        **5,182.29** |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |
|----|----|----|----|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|----|----|----|----|
| a. | **State of California - FTB** | 18155 Traylor Road, Ramona CA 92065 | $        **103.27** |
| b. | **State of California - FTB** | 18155 Traylor Road, Ramona CA 92065 | $         **50.92** |
| c. | **Wells Fargo Bank, N.A. (M1)** | 18155 Traylor Road, Ramona CA 92065 | $         **69.64** |
| d. | **Wells Fargo Bank, N.A. (M2)** | 18155 Traylor Road, Ramona CA 92065 | $         **36.84** |
| | | Total: Add Lines | $        **260.67** |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ | **329.99** |
|----|----|----|----|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
|----|----|----|----|

| | | | |
|----|----|----|----|
| a. | Projected average monthly chapter 13 plan payment. | $        **300.00** | |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x        **5.50** | |
| c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $         **16.50** |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ | **5,789.45** |
|----|----|----|----|

B22A (Official Form 22A) (Chapter 7) (04/13)  7

| | **Subpart D: Total Deductions from Income** | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $  9,147.44 |

| | **Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION** | |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $  6,500.00 |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $  9,147.44 |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $  -2,647.44 |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $  -158,846.40 |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 51 is less than $7,475\***. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $12,475\*** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,475\*, but not more than $12,475\*.** Complete the remainder of Part VI (Lines 53 through 55). | |
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.**  Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. | |

| | **Part VII. ADDITIONAL EXPENSE CLAIMS** | |
|---|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total:  Add Lines a, b, c, and d | $ |

| | **Part VIII. VERIFICATION** | |
|---|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)*<br><br>Date:  __December 20, 2013__   Signature:  __/s/ Glenn F. Hinton__<br>                                                   **Glenn F. Hinton**<br>                                                        *(Debtor)*<br><br>Date:  __December 20, 2013__   Signature   __/s/ Lynn M. Hinton__<br>                                                   **Lynn M. Hinton**<br>                                                   *(Joint Debtor, if any)* | |

\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.